**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Lucarelli, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>TRC Four Corners Dialysis Clinics,<br>LLC, et al.,<br><br>    Defendants. | No. CV-08-8007-PCT-PGR<br><br>ORDER |

The United States District Court for the District of Nevada transferred this removed action to this District pursuant to 28 U.S.C. § 1404(a). In its transfer order, entered on January 8, 2008, the Nevada court concluded that the parties are of diverse citizenship as required by 28 U.S.C. § 1332, the sole jurisdictional basis for the removal of the action from the Nevada state court, based in part on the fact that plaintiff Carol Lucvarelli is deemed to be a citizen of Arizona based on her status as the special administratix of the estate of Tsosie June Sr., deceased, and that defendant TRC Four Corners Dialysis Clinics, LLC is incorporated in New Mexico and maintains its principal place of business in California.

This Court, however, having reviewed the jurisdiction-related allegations in

the Notice of Removal and in the Complaint, concludes that insufficient information has been presented establishing the existence of diversity of citizenship jurisdiction. This problem exists because the defendant, which as the removing party has the burden to show that subject matter jurisdiction properly exists, California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005), failed to properly allege its citizenship in the Notice of Removal and the necessary information cannot be determined from the allegations of the Complaint. The defendant, which identifies itself as an "LLC", *i.e.*, a limited liability company, merely alleges that is "incorporated under the laws of the State of New Mexico and maintains its principal place of business at 601 Hawaii Street, El Segundo, California 90245." This allegation is insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists under § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") What is thus required in the Notice of Removal are affirmative allegations specifically identifying each member of the defendant limited liability company and specifically setting forth each member's citizenship.

In order to cure this pleading deficiency in the Notice of Removal, the Court will require the defendant to file an amended notice of removal that properly states the citizenship of each party. The defendant is advised that its failure to timely comply with this order shall result in the remand of this action without

further notice for lack of subject matter jurisdiction.   Therefore,

IT IS ORDERED that defendant TRC Four Corners Dialysis Clinics, LLC shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **May 9, 2008.**

DATED this 15th day of April, 2008.

Paul G. Rosenblatt
United States District Judge