**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Lucarelli, et al., | ) ) ) |
| Plaintiffs, vs. | ) No. CV-08-8007-PCT-PGR ) ) |
| TRC Four Corners Dialysis Clinics, LLC, et al., | ) ) ORDER ) ) |
| Defendants. | ) |

In an order entered on April 16, 2008 (doc. #42), the Court ordered the defendants to file an amended notice of removal that properly alleged the existence of diversity of citizenship jurisdiction. The order required in part that the defendants specifically set forth the citizenship of each member of the defendant limited liability company. Having reviewed the defendants' Amended Notice of Removal (doc. #43), filed May 8, 2008, the Court finds that the defendants have still not met their burden of properly alleging diversity jurisdiction.

The problem is that the jurisdictional allegation regarding Mark Bevan, MD, one of the two members of the defendant limited liability company, is facially deficient in that it merely states that he is "an individual residing in Farmington, New Mexico." It is black letter law that allegations of residency do not suffice for purposes of § 1332. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct.

616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

In order to cure this pleading deficiency, the Court will require the defendants to file an addendum to their Amended Notice of Removal that specifically, and properly, sets forth Dr. Bevan's citizenship.[1]  The defendants are advised that their failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that the defendants shall file an addendum to their Amended Notice of Removal that properly sets forth the citizenship of Mark Bevan, MD no later than May 19, 2008.

DATED this 12th day of May, 2008.

Paul G. Rosenblatt
United States District Judge

---

[1] The parties are advised that the total capitalization of the parties' names in the caption of any document filed with the Court violates LRCiv 7.1(a)(3).